UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MARTIN,

        Petitioner,

v.

GARY MINIARD,

        Respondent.
_____/

Case No. 21-10244

Stephanie Dawkins Davis
United States District Judge

**OPINION AND ORDER ALLOWING PETITIONER TO PROCEED WITHOUT PAYING THE FILING FEE, GRANTING PETITIONER'S MOTION FOR A STAY AND TO HOLD THE HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

This matter has come before the Court on Petitioner Marcus Martin's *pro se* habeas corpus petition (ECF No. 5) and motion for a stay and to hold the habeas petition in abeyance (ECF No. 6). Petitioner is a state prisoner presently confined at the Saginaw Correctional Facility in Freeland, Michigan. He is challenging his Wayne County, Michigan convictions for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83.

Petitioner alleges in his habeas petition that his trial attorney deprived him of his constitutional right to effective assistance of counsel by failing to timely investigate and reveal the results of certain forensic tests. (ECF No. 5, PageID.25). In his motion for a stay, Petitioner asks the Court to hold his habeas petition in

abeyance while he exhausts state remedies for a claim about the prosecutor assigned to his criminal case and for additional claims about his former attorney. (ECF No. 6, PageID.42). For the reasons given below, the Court is allowing Petitioner to proceed without paying the filing fee and granting his motion for a stay.

## I.  The Filing Fee

The preliminary issue is the filing fee for this action because Petitioner commenced this case without prepaying the fee or submitting a proper application to proceed *in forma pauperis*. The initial filing was a handwritten note in which Petitioner requested "tolling" of the filing deadline. (ECF No. 1, PageID.1). The Clerk of Court docketed the note as a petition for the writ of habeas corpus.

During the Court's initial screening of the case, the Court determined that Petitioner's note was not the equivalent of a habeas corpus petition. Consequently, on May 18, 2021, the Court ordered Martin to file a habeas corpus petition and to pay the filing fee or to apply for permission to proceed *in forma pauperis*. (ECF No. 4).

On July 1, 2021, Martin filed a habeas corpus petition (ECF No. 5) and a motion for a stay and to hold the petition in abeyance (ECF No. 6). He did not apply for permission to proceed *in forma pauperis*, and the Court had no record of the filing fee being paid. Accordingly, on February 14, 2022, the Court once again

ordered Petitioner to pay the filing fee or to apply in the proper manner for permission to proceed *in forma pauperis*. (ECF No. 7).

Meanwhile, on February 9, 2022, Petitioner mailed a letter to the Court in which he inquired about the status of his case. (ECF No. 8, PageID.51-52). The same document contains an affidavit in which Petitioner stated that on July 1, 2021, he delivered his habeas corpus petition, his motion to hold his habeas petition in abeyance, and an "expedited legal mail form" to a prison counselor at the Saginaw Correctional Facility. (ECF No. 8, PageID.48-49).[1]

Attached to Petitioner's affidavit is the "expedited legal mail form" mentioned in Petitioner's affidavit. *See id*. at PageID.50. The form confirms that on July 1, 2021, Petitioner asked staff at the prison to deliver mail to the Court and that unidentified documents were placed in the outgoing mail on the same day. *Id*. It appears that Petitioner's request to have funds disbursed from his prison account for postage and the filing fee were approved on July 6, 2021. *See id*.

The Court's financial office has found no record of the filing fee for this action. However, because it appears that Petitioner made a timely request to disburse the filing fee for this case and that his request was approved by prison

---

[1] Because the letter and affidavit were not entered on the docket until February 18, 2022, the Court was not aware of them when it entered its second deficiency order on February 14, 2022.

3

staff, the Court grants Petitioner permission to proceed without paying the filing fee.

## II.  The Motion for a Stay and Abeyance

Petitioner's habeas petition raises a single claim that his trial attorney was ineffective for failing to investigate and reveal before Petitioner pleaded no-contest that certain forensic test results were inconclusive.  Petitioner alleges that he exhausted state remedies for this claim by raising it in the Michigan Court of Appeals and in the Michigan Supreme Court.  (ECF No. 5, PageID.21-22).

In his motion for a stay, Petitioner says that he wants to raise additional issues in a motion for relief from judgment in the state trial court before this Court issues a decision on his habeas petition.  The additional issues allege prosecutorial misconduct and more claims of ineffective assistance of counsel.  (ECF No. 6, PageID.42).  Petitioner has asked the Court to hold his habeas petition in abeyance pending the state courts' resolution of his unexhausted claims.  *Id.*

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state

4

supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Ordinarily, federal district courts must dismiss habeas petitions containing any claims that have not been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

A dismissal of this case while Petitioner pursues additional remedies in state court could result in a subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). In *Rhines v. Weber*, 544 U.S. 269 (2005), however, the Supreme Court recognized the gravity of the problem caused by the interplay between the habeas statute of limitations and *Lundy's* dismissal requirement. To resolve this dilemma, the Supreme Court approved a stay-and-abeyance procedure, which permits district courts to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *See id.* at 275. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76.

This stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner is engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. If

5

the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id*. at 278.

Petitioner is not engaged in intentional delaying tactics, and his unexhausted claims are not plainly meritless. Additionally, he arguably has shown "good cause" for not exhausting state remedies for his new claims before filing his habeas petition. He alleges that he was unable to file a post-conviction motion in state court sooner because prison officials have closed the prison library or restricted his access to it due to outbreaks of COVID-19. (ECF No. 6, PageID.42-43).

Furthermore, although Petitioner's current habeas petition is not a "mixed" petition of exhausted and unexhausted claims like the one in *Rhines*, "the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions[.]" *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016); *accord Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition, because "a categorical bar on stays for unmixed petitions would 'unreasonably impair the prisoner's right to relief' and could 'effectively end any chance at federal habeas review'") (citations omitted); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009) (concluding from the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances beyond the

presentation of a mixed petition"). Accordingly, the Court grants Petitioner's motion for a stay and to hold his habeas petition in abeyance.

As a condition of this stay, Petitioner shall file a motion for relief from judgment in the state trial court cases within sixty (60) days of the date of this order. It is further ordered that Petitioner shall file an amended habeas corpus petition and a motion to re-open this case within sixty (60) days of exhausting state remedies if he is unsuccessful in state court. Any failure to comply with this order could result in the dismissal of his cases. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Finally, the Court orders the Clerk of Court to administratively close this case.

**IT IS SO ORDERED**.

                                                    s/Stephanie Dawkins Davis
                                                  Stephanie Dawkins Davis
Dated: March 31, 2022                   United States District Judge

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 31, 2022, by electronic and/or U.S. First Class mail.

                                                   s/ R. Loury
                                                  Case Manager